FILED VIA MAIL
SEP 26 2019
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
**Thomas Kevin Nicholson**

    Debtor.

_____/

Chapter 7
Case No: 6:18-bk-03235-KSJ

## MOTION TO BRING CLARIFICATION OF BANKRUPTCY DISCHARGE

COMES NOW, debtor, Thomas Kevin Nicholson, Pro Se hereby files this 'Motion to Bring Clarification of Bankruptcy Discharge' due to the recent Contempt of Court ruling in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida subsequent to your discharge of the same debt. I am asking for clarification for the following reasons:

1. The former wife/creditor, Tansyla Denora Keels f/k/a Tansyla Nicholson through her counsel Lorraine Durham, filed a Verified Motion for Contempt or in the alternative, Motion to enforce Final Judgement on May 24, 2018.

2. September 13, 2018 the bankruptcy discharge was finalized. I was instructed by my counsel to make no further payments to Ms. Tansyla Keels as it was discharged.

3. The State Court Judge, months later, after your ruling of discharge, signed the Verified Motion for Contempt Order and has since ordered me to pay $18,000 for the arrearage and $3000 per month going forward.

    a. I filed a Motion to Vacate the Order. A hearing was held on that motion, September 13, <u>2019</u>. I explained to the Judge that I was advised by my former counsel Juan Carlos Montes De Oca that these debts *were* dischargeable and discharged by your court on September 13, <u>2018</u> and I did not need to pay Ms. Tansyla Keels any further according to the Certificate of Notice for the bankruptcy discharge. Hereto attached as "Exhibit A".

4. It is my understanding according to the paperwork in my discharge that Ms. Tansyla Keels was listed along with the other creditors and was notified by First Class Mail on September 15, 2018 that my debts to her were discharged. If my understanding is correct along with my former counsel, then, Ms. Tansyla Keels is in direct violation of the order that states "*no one can make any attempt to collect a discharged debt from the debtors personally*". It is now a year later, and I am continually being harassed and taken to court, this last attempt finds me in contempt.

5. Opposing counsel states that there is an exception to the discharge according to: 11 USCA section: 523 # 15 in regard to domestic support obligations.

    a. None of the amounts were determined in your court or listed on the discharge paperwork as domestic support obligations. Affidavits were provided which further proved, in your court Judge Jenneman, that the monies were not unjust enrichments.

    b. It was also proven additionally when Ms Erika Smith with Tri Global Assist was before your court presenting evidence of my tax records, 1099 and the bank statements showing monies paid to me for commission. Again, there was no undue enrichment afforded to me by, in or through Tri Global Assist, or any other entity.

I question the motive behind Ms Tansyla Keels. In 2018 while my bankruptcy was going on, she had to have believed these items were dischargeable because of the evidence that was presented to the trustee. So, she hired counsel to investigate Tri Global Assist to stop my bankruptcy and undermine the trustee's research. Here we are a year later, and she's flipped the coin again and now claims they were *not* dischargeable. I further believe she is preying on my assumed ignorance in having no counsel to advise me to present this motion for clarification to your court which would prove to the State Court I had no unjust enrichment.

Had the State Court not received the affidavits to prove I had no undue enrichment, they might come to the conclusion that I truly owed Ms. Tansyla Keels

the monies they charged me in contempt of having not paid, even though Your Honor, it is my understanding by and through the paperwork provided to me that they *were* discharged in your court. The truth is, the affidavits were presented in Federal Bankruptcy Court at my hearing, and all the items listed were determined dischargeable.

It is my understanding that your ruling as a Federal Court Judge prevails over the State Judge and Your Court has the final say in what is dischargeable or not. So, I kindly ask this Court, to bring clarification to me, the State Court and to my former creditor along with her counsel of your ruling and whether it does in fact stand to void and vacate the Contempt of Court Order currently against me.

## Certificate of Service:

I hereby certify that on ____9/25/2019____, 2019 the foregoing was faxed and delivered to the UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA; ORLANDO DIVISION 400 W. Washington St. Suite 5100, Orlando, FL 32801. In addition, by USPS certified mail to Tansyla Keels c/o Lorraine Durham, Esq. Durham Legal Group, 6735 Conroy Windemere Rd. Suite 417, Orlando, FL 32835

*(signature)*

Thomas Kevin Nicholson, Pro Se
Tknicholson6974@gmail.com
2965 Canon Court
Cumming, GA 30041

United States Bankruptcy Court
Middle District of Florida

In re:                                                    Case No. 18-03235-KSJ
Thomas Kevin Nicholson                                    Chapter 7
        Debtor
                        **CERTIFICATE OF NOTICE**

District/off: 113A-6         User: kbrickner        Page 1 of 2           Date Rcvd: Sep 13, 2018
                             Form ID: B318          Total Noticed: 20

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 15, 2018.
db             +Thomas Kevin Nicholson,    1210 Terralago Way,    Kissimmee, FL 34746-2953
27588098       +Carmax Auto Finance,    Attn: Bankruptcy Department,    Po Box 440609,    Kennesaw, GA 30160-9511
27588099       +Chase Mortgage,    Attn: Case Research & Bankruptcy,    Po Box 24696,    Columbus, OH 43224-0696
27588103       +First Federal Credit & Collections,    24700 Chagrin Blvd,    Suite 205,
                 Cleveland, OH 44122-5662
27679712       +Lab Care,    Florida Hospital Connected Care,    PO Box 538800,    Orlando, FL 32853-8800
27679714       +Penn Credit Corporation,    PO BOx 740771,    Cincinnati, OH 45274-0771
27588105       +Tansyla Donora Keels,    3409 Mallord Pond,    Saint Cloud, FL 34772-7839
27588108        Time Investment Comp,    929 E North River,    West Bend, WI 53095
27588109       +Whitney/hancockbk,    101 N Monroe St Ste 150,    Tallahassee, FL 32301-1574

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +EDI: QMEHENKEL.COM Sep 14 2018 02:03:00      Marie E. Henkel,    3560 South Magnolia Avenue,
                 Orlando, FL 32806-6214
27588095       +EDI: BMW.COM Sep 14 2018 02:03:00      Alphera Financial Serv,    Attn: Bankruptcy,    Po Box 3608,
                 Dublin, OH 43016-0306
27588096       +E-mail/Text: ECMBKMail@Caliberhomeloans.com Sep 13 2018 22:10:34       Caliber Home Loans,
                 Attn: Cash Operations,    Po Box 24330,    Oklahoma City, OK 73124-0330
27588097       +EDI: CAPITALONE.COM Sep 14 2018 02:03:00      Capital One,    Attn: Bankruptcy,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
27588100       +EDI: CCS.COM Sep 14 2018 02:03:00      Credit Collection Services,    Bankruptcy,
                 725 Canton Street,    Norwood, MA 02062-2679
27588101       +E-mail/Text: collectionbankruptcies.bancorp@53.com Sep 13 2018 22:10:17       Fifth Third Bank,
                 Attn: Bankruptch Department,    1830 E Paris Ave Se,    Grand Rapids, MI 49546-8803
27588093        EDI: FLDEPREV.COM Sep 14 2018 02:03:00      Florida Department of Revenue,    Bankruptcy Unit,
                 Post Office Box 6668,    Tallahassee FL 32314-6668
27588094        EDI: IRS.COM Sep 14 2018 02:04:00      Internal Revenue Service,    Post Office Box 7346,
                 Philadelphia PA 19101-7346
27588092        E-mail/Text: taxbankruptcy@osceola.org Sep 13 2018 22:10:11       Osceola County Tax Collector,
                 Attn: Patsy Heffner,    Post Office Box 422105,    Kissimmee FL 34742-2105
27679713       +EDI: HCA2.COM Sep 14 2018 02:04:00      Osceola Regional Medical Center,    PO Box 740771,
                 Cincinnati, OH 45274-0771
27588104       +EDI: RMSC.COM Sep 14 2018 02:03:00      Syncb/syncb Regionals,    Attn: Bankruptcy,
                 Po Box 965060,    Orlando, FL 32896-5060
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              CALIBER HOME LOANS, INC.
cr              Tansyla Donora Keels f/k/a Tansyla Nicholson
27588102*      +Fifth Third Bank,    Attn: Bankruptch Department,    1830 E Paris Ave Se,
                 Grand Rapids, MI 49546-8803
27588106*      +Tansyla Donora Keels,    3409 Mallord Pond,    Saint Cloud, FL 34772-7839
27588107*      +Tansyla Donora Keels,    3409 Mallord Pond,    Saint Cloud, FL 34772-7839
27588110*      +Whitney/hancockbk,    101 N Monroe St Ste 150,    Tallahassee, FL 32301-1574
                                                                                  TOTALS: 2, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 15, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 13, 2018 at the address(es) listed below:
              John J Bennett    on behalf of Creditor Tansyla Donora Keels f/k/a Tansyla Nicholson
               jbennett@nardellalaw.com
              Juan Carlos Montes De Oca    on behalf of Debtor Thomas Kevin Nicholson juancarlos@mdolawgroup.com,
               diana@mdolawgroup.com;Walesca@mdolawgroup.com
```

```
District/off: 113A-6          User: kbrickner            Page 2 of 2             Date Rcvd: Sep 13, 2018
                              Form ID: B318              Total Noticed: 20
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Leslie Rushing    on behalf of Creditor   CALIBER HOME LOANS, INC. lrushingesq@me.com,
           leslie.rushing@qpwblaw.com;flmdbknotices@qpwblaw.com
          Marie E. Henkel    mehenkel@yahoo.com, mhenkel@ecf.epiqsystems.com
          Michael A Nardella    on behalf of Creditor Tansyla Donora Keels f/k/a Tansyla Nicholson
           mnardella@nardellalaw.com, service@nardellalaw.com
          United States Trustee - ORL7/13   USTP.Region21.OR.ECF@usdoj.gov

                                                                                                            TOTAL: 6

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Thomas Kevin Nicholson** | Social Security number or ITIN   xxx-xx-0898 |
| | First Name   Middle Name   Last Name | EIN  __-_____ |
| Debtor 2 (Spouse, if filing) | _____ First Name   Middle Name   Last Name | Social Security number or ITIN  ____ EIN  __-_____ |
| United States Bankruptcy Court   **Middle District of Florida** | | |
| Case number:   6:18-bk-03235-KSJ | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Thomas Kevin Nicholson

Dated: September 13, 2018

Karen S. Jennemann
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

Case 6:18-bk-03235-KSJ    Doc 641    Filed 09/26/19    Page 9 of 10

Official Form 318                           **Order of Discharge**                                 page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**